IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMIE LYNN MIDDLEBROOK,

    Plaintiff,

vs.        No. 05-2870-Ma/V

STATE OF TENNESSEE, et al.,

    Defendants.

ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jamie Lynn Middlebrook, Tennessee Department of Correction ("TDOC") prisoner number 111554, who is currently an inmate at the Mark H. Luttrell Correctional Center ("MLCC") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on November 14, 2005, along with motions seeking leave to proceed in forma pauperis and appointment of counsel. The Court issued an order on December 5, 2005 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $250 civil filing fee. Plaintiff paid the civil filing fee on December 27, 2005. The Clerk shall record the defendants as TDOC Commissioner George Little, MLCC Warden Reuben Hodge, MLCC Deputy Warden Charles Banks, and MLCC Unit Manager Dwight Barbee.

I.   <u>Analysis of Plaintiff's Claims</u>

The complaint asserts a number of unrelated claims based on the experiences of inmates at the MLCC. Although the complaint purports to assert ten claims, several counts appear to assert multiple claims without specifying the parties against whom those claims are directed. The complaint is unclear about the extent to which the plaintiff is personally affected by the conditions she describes.

Count 1, which is entitled "[e]xcessive [h]igh [t]emperatures," asserts that the MLCC is not air conditioned, inmates are confined to their cells for long periods of time, and the air circulation is poor. That count further asserts that the fans inmates are permitted to have in their cells are inadequate and the ice machines are frequently out of order.

Count 2, which is entitled "[n]o [a]ir-conditioning," asserts that the failure to provide air conditioning violates the Eighth Amendment.

Count 3, entitled "[p]lumbing," asserts that "most toilets on all living units have raw sewage back into the commodes," "[t]here is one common toilet located behind the Library," with no working ventilation, no toilet paper or hand towels, and limited access, and the showers are inadequate in various respects.

Count 4, entitled "[v]ermin," complains of infestations of rats, mice, and insects.

Count 5, entitled "[f]ire and [s]afety," complains about the absence of an electronic system for fire safety and other purported safety deficiencies.

County 6, entitled "[r]ight to [p]rivacy," asserts that, "when possible, [female inmates] should not be viewed unclothed by male officers."

Count 7, entitled "[h]ousing," asks that inmates who are temporarily transferred from the MLCC be placed in their original cells when they return.[1]

Count 8, entitled "[r]ecreation," asserts that female inmates at the MLCC do not receive recreation opportunities comparable to those afforded male inmates at other institutions.

Count 9, entitled "[d]iscrimination," asserts that the prison job opportunities, vocational education and training, and communities release programs offered to female inmates at the MLCC are not comparable to those afforded to male inmates at other institutions.

Count 10, entitled "[h]andicapped [a]ccess," asserts that "[t]here are many physical barriers to handicapped inmates."[2]

The complaint seeks declaratory and injunctive relief and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice

---

[1] It is not clear that the plaintiff is personally affected by the policy described in this count.

[2] The complaint does not allege that the plaintiff is handicapped.

whenever a prisoner brings a prison conditions claim without demonstrating that she has exhausted her administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead [her] claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court

4

to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust her administrative remedies before filing suit and, therefore, she cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss in its entirety, pursuant to 42 U.S.C. § 1997e(a), a complaint that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied her burden of demonstrating, through particularized averments, that she has exhausted the administrative remedies for her claims. No copies of grievances, or responses to grievances, are attached to the complaint. Although the complaint avers generally that "[p]laintiff used the Prisoner Grievance Procedure in accordance with TDOC Policy to try and resolve the problems" and "[p]laintiff exhausted all administrative remedies within guidelines of the Prisoner Litigation Reform Act (PLRA)," these conclusory allegations are insufficient to demonstrate with specificity the plaintiff's compliance with § 1997e(a) given the large number of claims involved. The complaint also asserts that the plaintiff filed grievances, and received responses, about ice and vermin, but the complaint does not allege that the plaintiff appealed the responses she received to the TDOC Commissioner of Operations. The complaint also fails to allege that the plaintiff exhausted her claims

5

against the individual defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Finally, the complaint is silent about any specific steps the plaintiff took to exhaust the remainder of her claims.[3]

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[4] The motion for appointment of counsel is DENIED.

---

[3] Although the complaint asserts that the plaintiff complained informally to various prison officials, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Letters and informal conversations are not, therefore, a substitute for a formal inmate grievance.

[4] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

6

II.   <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In

---

[5]   Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or
> (continued...)

7

McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if she wishes to take advantage of the installment procedures for paying the appellate filing fee, she must comply with the procedures set out in McGore and § 1915(b).

       IT IS SO ORDERED this 30th day of January, 2006.

                                 s/ SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE

---

(...continued)
    notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.